UNITED STATES of America,
Plaintiff–Appellee,

v.

Morris Dacosta HAUGHTON,
Defendant–Appellant.

·No. 06–20054
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 30, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

John Riley Friesell, Bellaire, TX, for Defendant–Appellant.

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM: *

Morris Dacosta Haughton was convicted by a jury of making a false statement in an application for a United States passport and was sentenced to 24 months of imprisonment. Haughton asserts that the district court abused its discretion by admitting at trial evidence of a booking sheet from Haughton's prior marijuana arrest. He argues that the document was written as part of an adversarial booking process and constituted hearsay that did not fit within the public records exception to the hearsay rule.

Because Haughton's booking information was taken in a routine, nonadversarial setting, it was admissible under the public records exception to the hearsay rule, and thus, the district court did not abuse its discretion. *See United States v. Torres,* 114 F.3d 520, 525–26 (5th Cir.1997); *United States v. Quezada,* 754 F.2d 1190, 1194 (5th Cir.1985).

Haughton also argues that the district court abused its discretion in denying a motion to depose Haughton's mother. Haughton has not shown that the district court abused its broad discretion in denying the motion. *See United States v. Dillman,* 15 F.3d 384, 389 (5th Cir.1994).

Haughton's pro se motions requesting either the appointment of new counsel or an order allowing him to file an amended pro se brief, a pro se reply brief, and a motion to add an exhibit to his pro se reply brief are denied. *See United States v. Wagner,* 158 F.3d 901, 902–03 (5th Cir. 1998).

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.